## In the Matter of the Estate of HERBERT B. LEDERER, Deceased.

Surrogate's Court, New York County, March 7, 1936.

*Kaye, McDavitt & Scholer*, for the executrix.

*Edgar Hirschberg*, for the State Tax Commission.

FOLEY, S.   This is an appeal by the executrix from the *pro forma* order of November 25, 1935, fixing the estate tax on the report of the appraiser. The ground of appeal is that the appraiser erroneously has abated debts, funeral and administration expenses amounting to $159,430.70 to the sum of $741.38. The decedent died on October 20, 1933, leaving an estate consisting of $741.38 in cash and $191,698.30 in insurance payable to his widow as the designated beneficiary. After allowance of the statutory exemption of $40,000 upon the proceeds of the insurance, the gross estate was properly computed, in accordance with section 249-r of the Tax Law, at the sum of $152,439.68. The validity of the debts, funeral and administration expenses amounting to $159,430.70 is not questioned by the appraiser, but he has abated this amount to $741.38 on the theory that such amount is the only money or property of the estate applicable to the payment of debts. As a result, a net estate of

$151,698.30 is found by the appraiser. Deducting therefrom the $100,000, additional exemption provided for by subdivision c of section 249-q of the Tax Law, there has been reported and the *pro forma* order has assessed a tax on the sum of $51,698.30. In support of the appraiser's action, the State Tax Commission contends that the words " claims against the estate," authorized as a deduction in computing the net estate under section 249-s of the Tax Law, comprehend only such claims as can be actually paid or satisfied from the assets of the estate. It is argued that since the insurance could not be resorted to for the payment of the debts, the abatement by the appraiser was proper. The appeal is sustained.

In the enactment of the Estate Tax Law (Laws of 1930, chap. 710, art. 10-C), the Legislature has arbitrarily prescribed the items which shall constitute the gross estate (§ 249-r) and has likewise defined arbitrarily the items deductible from the gross estate to ascertain the net estate (§ 249-s). There must be excluded, consequently, in determining the net estate " claims against the estate * * * as are allowed by the laws of this State," just as insurance payable to the designated beneficiary, which is not truly an asset owned by the decedent, must be included in the statutory gross estate. The identical question presented here was recently determined by Mr. Surrogate Wingate of Kings county (*Matter of Suderov*, 156 Misc. 661). He held that debts valid against the estate even though there were assets insufficient to pay them were deductible. I am in full accord with the reasoning and the result reached by him in that case. Surrogate Wingate aptly stated (p. 666): " The deductions for claims, as noted, are for ' such amounts for claims against the estate as are allowed by the laws of the State.' The court expressly holds that adjudication of the validity of the claim is unimportant if, as a matter of fact, it is one legally enforcible under the laws of the State; and, second, if it is a claim within this description, the fact of whether or not it is ultimately paid is immaterial by reason of the statutory fiat." (See, also, *Commissioner of Internal Revenue* v. *Strauss*, 77 F. [2d] 401.)

The method of abatement adopted by the appraiser was improper, and the debts, funeral and administration expenses are allowed as a deduction in the full sum of $159,430.70. The estate is, therefore, exempt from tax.

Submit order on notice accordingly.